UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HOFFMAN,

    Petitioner,                                      CASE NO. 07-14147
                                                JUDGE ARTHUR J. TARNOW

RAYMOND BOOKER,

    Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT [DKT. 23] AND MOTION FOR RELEASE ON BOND [DKT. 24]

On October 1, 2007, Petitioner filed a petition for writ of habeas corpus challenging his state court conviction for first-degree murder, MICH. COMP. LAWS § 750.316. On October 20, 2010, this Court issued an opinion and order denying the petition and granting a certificate of appealability. Among other claims, this Court found that the state trial court did not deny Petitioner's right to counsel of choice when it disqualified his trial attorney on the grounds that he had represented several prosecution witnesses and would be unable to fully cross-examine them. The United States Court of Appeals for the Sixth Circuit subsequently affirmed this decision. *Hoffman v. Howes*, No. 10-2483 (6th Cir. June 21, 2011). Before the Court is Petitioner's motion for relief from judgment brought under the so-called "independent action" provision of Federal Rule of Civil Procedure 60(d). Petitioner asserts that this Court failed to take into account the fact that the prosecutor did not move to disqualify his trial attorney until the morning of trial.

An independent action under Rule 60(d) is "available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47(1998); accord *Pickford v. Talbott*, 225 U.S. 651, 657(1912). The Sixth Circuit has held that in the context of a habeas case, in order to

demonstrate entitlement to relief under Rule 60(d), a petitioner must make a strong showing of actual innocence. *Mitchell v. Rees*, 651 F.3d 593, 595-596 (6th Cir. 2011) (citing *Calderon v. Thompson*, 523 U.S. 538, 557-58(1998) (holding that "avoiding a miscarriage of justice as defined by our habeas corpus jurisprudence" requires "a strong showing of actual innocence")). In *Schlup v. Delo*, 513 U.S. 298, 314-16(1995), the Court explained that, to establish actual innocence, a habeas petitioner must "show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327 (internal citation and quotation omitted).

The Supreme Court also explained that a petitioner cannot establish his actual innocence by merely rehashing innocence claims raised in the state courts and relying on the evidence adduced at trial. If he could, federal habeas review would become nothing more than a second trial on the merits, something the Supreme Court has repeatedly admonished federal courts to avoid. *See Milton v. Wainwright*, 407 U.S. 371, 377(1972) ("The writ of habeas corpus has limited scope; the federal courts do not sit to re-try state cases de novo but, rather, to review for violation of federal constitutional standards."). Thus, "to be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence that was not presented at trial." *Schlup*, 513 U.S. at 324. "Examples of evidence which may establish factual innocence include credible declarations of guilt by another, trustworthy eyewitness accounts, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996) (citations omitted); accord *Schlup*, 513 U.S. at 324.

Petitioner has not met this standard. He chiefly complains that the Court failed to properly weigh the late timing of the prosecutor's motion to disqualify his attorney into its analysis. Petitioner has made no proffer of "new reliable evidence that was not presented at trial," as required by *Schlup*. Rather, his argument amounts to a request for "a second trial on the merits" cautioned against by *Milton*. The Court notes that Petitioner's conviction was supported by substantial evidence of his guilt. Petitioner's motion therefore fails to demonstrate a grave miscarriage of justice required to support relief under Rule 60(d).

To the extent Petitioner is seeking relief under Fed. R. Civ. P. 60(b)(3), his motion fairs no better. Petitioner asserts that the Respondent perpetrated a fraud upon the Court by failing to highlight the late timing of the prosecutor's motion.

Rule 60(d)(3) states: "This rule does not limit a court's power to . . . set aside a judgment for fraud on the court." "Fraud on the court consists of conduct: '1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court.'" *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010), quoting *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009). Petitioner bears the burden of proving existence of fraud upon the court by clear and convincing evidence. *Id*. Relief is allowed pursuant to Rule 60(b)(3) only if the denial of a petition was "clearly produced by the state's misrepresentation in the habeas proceedings." *Buell v. Anderson*, 48 Fed. App'x 491, 496 (6th Cir. 2002). Respondent did not commit a fraud upon the Court. The Court was well-aware of the timing of the motion. It did not impact the trial court's decision. Petitioner's retained trial attorney would have been unable to fully cross-examine his former clients. That fact supported the decision of the

-3-

state trial court regardless of when the motion was brought. Petitioner has therefore not demonstrated entitlement to relief from judgment.

Accordingly, it is **ORDERED** that Petitioner's motion for relief from judgment is **DENIED**.

For the same reasons, Petitioner's motion for bond is also **DENIED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: October 2, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 2, 2013, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant